BOSSIE v. EDELSON.

(Supreme Court, Appellate Term.   April 9, 1912.)

WILLS (§ 123*)—WITNESS TO WILL—"RESIDENCE"—FAILURE TO STATE AD-
DRESS.
   Decedent Estate Law (Consol. Laws 1909, c. 13) § 22, requires that the
witnesses to a will write opposite their names their places of residence,
on penalty of $50, recoverable by suit of any person interested in the
property disposed by the will.   A notary witnessed a will, and after his
name stamped upon it a seal and an impression, both containing the

words, "Notary Public, New York County"; the county being a narrower political designation than the city. *Held*, in an action for the penalty, that the word "residence," standing alone in the statute, did not require the addition of a street number, and that, in view of the strictly penal character of the statute, defendant was not liable.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 321–331; Dec. Dig. § 123.*

For other definitions, see Words and Phrases, vol. 7, pp. 6151–6161; vol. 8, p. 7788.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Charles S. Bossie against Charles Edelson. From an order setting aside judgment for defendant and ordering a new trial, defendant appeals. Reversed, and judgment reinstated.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Wentworth, Lowenstein & Stern (Louis Lowenstein, of counsel), for appellant.

Gilbert & Wessel (Arthur Ofner and Harry N. Wessel, of counsel), for respondent.

LEHMAN, J. The plaintiff, a legatee under a will to which the defendant was a witness, seeks to recover a penalty of $50 for the alleged failure of defendant to write opposite his name his "place of residence," as required by section 22 of the Decedents Estate Law (Consol. Laws 1909, c. 13). The defendant is a notary, and after he signed his name he stamped upon the will a seal and an impression, both containing the words "Notary Public, New York County." It is true that these words are stamped on the edge of the paper, so that the impression of the words "New York County" is not quite complete; but the impression is quite sufficient to be intelligible.

It seems to me that these words constitute a sufficient compliance with the statute. The plaintiff does not deny that they were sufficient to permit him to find the defendant without difficulty when he desired his testimony. The county of New York is a political division entirely embraced within the city of New York, and is narrower than a designation of the city of New York as a place of residence. Unless, therefore, we are prepared to hold that the statute requires the witness to add his street number in large cities, it sufficiently describes his place of residence. If this statute were a remedial statute, it might be so construed as to require a street number in cities of great size; but it is a strictly penal statute, enacted prior to the year 1830, at a time when there were no large cities within the state. Moreover, it is somewhat significant of the legislative intent that in a recent statute (chapter 227 of the Laws of 1910; section 333 of the Real Property Law) the Legislature has used the following language:

"After September thirtieth, nineteen hundred and ten, a recording officer shall not record or accept for record any conveyance of real property, unless the residence of the purchaser and, if in a city of over five hundred thousand

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

inhabitants *according to the last federal* census, the street number of the residence of the purchaser shall be stated therein, and such residence and street number shall be recorded with the conveyance. * * *"

It seems to me that by this language the Legislature has implied that the word "residence," standing alone in a statute, does not require the addition of a street number. Certainly, if the language of the early penal statute is not entirely clear, its meaning should not be enlarged beyond its strict construction.

The appellant also urges that the statute is unconstitutional. Certainly there are both strong reason in and high judicial authority for his view (see dissenting opinion of O'Brien, J., in Dodge v. Cornelius, 168 N. Y. 242, 61 N. E. 244); but since, in my opinion, the statute has not been violated, we should not pass upon its constitutionality.

Order setting aside the judgment should be reversed, with costs to appellant, and judgment reinstated. All concur.